165 So. 842

## DREIS v. FARMERS & MERCHANTS BANK OF FOLEY.

### I Div. 890.

Supreme Court of Alabama.

Jan. 16, 1936.

Rehearing Denied March 5, 1936.

Hybart & Chason, of Bay Minette, for appellant.

Lloyd A. Magney, of Foley, for appellee.

BOULDIN, Justice.

The action is for the recovery of the balance alleged to be due for certain corporate stock sold, or contracted to be sold, by plaintiff to defendant, as per written contract in the form of a letter which appears in the report of the case.

Plaintiff's case, as presented in pleading and proof, was in substance this:

James T. Dumas was indebted to Farmers & Merchants Bank of Foley in the sum of $7,500, for which the bank held as collateral security stock in the Foley Hotel Company, of the par value of $15,000.

H. C. Dreis, defendant, was a director of the bank and also of the hotel company. In a meeting of the directors of the bank, Mr. Dreis being present, the following action was had: "In the matter of the Dumas loan, the Vice-President and Cashier was instructed to close this out with Mr. Dreis by a sale of the $15,000.00 in stock of Foley Hotel Co., held by us as security for $50.00 per share, take a letter from Mr. Dreis guaranteeing payment of this amount at 5% interest and principal within the next 12 months, we to carry in stock and bond account for him until the stock is taken up."

Thereupon the bank negotiated an absolute purchase of the stock from Mr. Dumas for $7,500, whereupon Mr. Dreis wrote the letter above noted, and the proceeds of the stock were credited on the Dumas indebtedness.

Thereafter the defendant made partial payments on the principal and interest due on the contract price of the stock.

Defendant pleaded the general issue and a special plea charging fraud in the procurement of the letter—misrepresentation of its contents, relied upon by defendant, and induced to sign without reading.

The evidence was in conflict on this issue of fraud and also on the question of payments intended by defendant to be applied on this transaction.

The cause was tried by the court on oral testimony without a jury. No good ground to disturb the finding on such issues appears.

The complaint set out with much detail the entire transaction. It averred that the bank gave notice to the hotel company of the original assignment or transfer of the stock in such company as collateral security. In making proof of such notice, it developed that same was given in writing. Objection was interposed to secondary evidence on the ground that the writing was the best evidence and no predicate laid for secondary evidence.

Apart from any question of this being a collateral matter or touching a temporary document not presumed to have been preserved after its purpose was accomplished, the averment of the complaint was proved without dispute by a letter from the hotel company to the bank, acknowledging such notice and stating the transfer had been entered on the books of the corporation as requested. In no event was defendant injured by the evidence to which objection was interposed.

The complaint further averred the stock had no market value, and the bank was unable to dispose of it. This averment seems to have proceeded on the theory that the measure of damages for breach of the contract of purchase by Mr. Dreis was the difference between market value at the time of the breach and the price to be paid. The evidence on this point was that the bank had made no effort to dispose of the stock. The evidence of no market value was meager, but, in connection with evidence that the corporate property had been sold under mortgage, presumably after this transaction, was not wholly wanting.

We regard this averment touching the market value of the stock as surplusage and wholly immaterial to the right of action here presented.

Under plaintiff's case presented by pleading and proof, the bank took over the stock under and pursuant to defendant's agreement to purchase same: "We (the Bank) to carry in stock and bond account for him until the stock is taken up." Time was given and extended to take it up. Payments, according to plaintiff, were made thereon. This status constituted defendant a debtor to the bank for the price of the stock, the same being held for him, subject to usual banker's lien. The bank had the duty to hold the stock ready to

turn over on payment of the price, unless it elected to enforce such lien in lawful manner after default on the part of the defendant. A lack of evidence as to market value of the stock did not go to any substantial right of defendant. Rule 45, Supreme Court Practice.

The complaint further disclosed that the Farmers & Merchants Bank of Foley failed, went into liquidation under the banking laws of the state, and was reorganized, and resumed business as reorganized, taking title to the assets, including this demand.

The record of all these matters was not offered in evidence, but by numerous references in the testimony it sufficiently appears all this transpired. The purpose of such averments was to show how the present plaintiff, the reorganized bank, succeeded to the ownership of the demand. In the absence of anything to the contrary, the evidence was sufficient to prove the substantial averments in this regard, although the full details were not given.

The trial court will not be held in error for lack of evidence on the issues presented.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.